**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie John Miranda,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-21-01937-PHX-DLR<br><br>**ORDER** |

    Plaintiff Ronnie Miranda seeks judicial review of the Social Security Administration's denial of his application for disability insurance benefits. The Court referred this matter to Magistrate Judge Michelle H. Burns for a report and recommendation ("R&R"). Magistrate Judge Burns submitted her R&R on February 1, 2023, recommending that the agency's decision be affirmed. (Doc. 23.) The R&R advised the parties that they had 14 days in which to file written objections. Mr. Miranda filed objections on February 14, 2023 (Doc. 24) and the agency filed a response on February 28, 2023 (Doc. 25). Having considered the R&R and reviewed those portions to which Mr. Miranda has lodged objections *de novo*, the Court adopts the R&R.

    Mr. Miranda raises two objections. First, the agency found at step five of the sequential evaluation process that Mr. Miranda was not disabled because there was one job he could still perform: that of a parking attendant. Mr. Miranda argues that was error, relying on *Lounsburry v. Barnhart*, 468 F.3d 1111, 1116-17 (9th Cir. 2006), and *Maxwell*

*v. Saul*, 971 F.3d 11228, 1130-31 (9th Cir. 2020), for the proposition that the agency does not meet its burden by producing only one job a claimant could perform, regardless of the claimant's age category status. But the R&R correctly determined that those cases are inapplicable to Mr. Miranda's application because they were interpreting a rule that applies only to "individuals of advanced age," defined as those who are 55 or older, and Mr. Miranda was 54 at the time of the ALJ's decision, falling within a different age status category. (*See* Doc. 23 at 5 (citing *Segobia v. Kijakazi*, No. 20-55943, 2021 WL 4317349, at *2, fn 1 (9th Cir. Sep. 23, 2021).)

Second, Mr. Miranda argues the agency failed to offer specific, clear, and convincing reasons, supported by substantia evidence in the record, for discounting his symptom testimony. The Court disagrees with Mr. Miranda and agrees with the R&R. The agency did not fully credit Mr. Miranda's testimony about the severity of his symptoms because the agency found the objective medical evidence was not consistent with the severity of those symptoms and because the alleged severity of those symptoms was inconsistent with Mr. Miranda's daily living activities. Both the agency's decision and the R&R surveyed the relevant evidence and reasonably explained why that evidence undermined Mr. Miranda's testimony. The Court finds no reversible error.

**IT IS ORDERED** that Mr. Miranda's objections (Doc. 24) are **OVERRULED**, the R&R (Doc. 23) is **ADOPTED**, and the final agency decision is **AFFIRMED**. The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 22nd day of March, 2023.

Douglas L. Rayes
United States District Judge